# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3935-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

D.M.,[1]

     Defendant-Appellant.

_____

Submitted December 4, 2018 – Decided December 12, 2018

Before Judges Haas and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 10-08-1408.

Joseph E. Krakora, Public Defender, attorney for appellant (Anderson D. Harkov, Designated Counsel, on the brief).

Dennis Calo, Acting Bergen County Prosecutor, attorney for respondent (Justin M. Blasi, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

---

[1] We refer to defendant and the child victim in this case by initials. See R. 1:38-3(c)(9).

PER CURIAM

Defendant appeals from the April 17, 2017 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On August 10, 2010, a Bergen County grand jury returned a four-count indictment charging defendant with second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4) (count one); two counts of fourth-degree sexual contact, N.J.S.A. 2C:14-3(b) (counts two and three); and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count four).

Defendant was forty-six years old at the time of these alleged offenses. The child victim, E.A., was fourteen years old and was enrolled in special education classes at school. Defendant has an IQ of 63, and is unable to read or write. However, both the State's expert and his own expert agreed that defendant was competent to stand trial on the charges.

On the first day of the trial, however, defendant pled guilty to count four, endangering the welfare of a child. In return for his plea, the State agreed to recommend that the judge give defendant a suspended sentence, with credit for time served. Defendant would also be placed on Parole Supervision for Life

(PSL) pursuant to N.J.S.A. 2C:43-6.4, and required to comply with all Megan's Law registration and reporting conditions.

At the plea hearing, defendant was represented by his assigned counsel, and he told Judge James Guida that he was extremely satisfied with her assistance. In response to questions posed by his attorney and Judge Guida, defendant gave a factual basis for the offense of endangering the welfare of the child. Specifically, defendant admitted that E.A. came into his apartment one day and took one of defendant's Playboy magazines, and started looking at it. Defendant testified he knew that a child should not be looking at a magazine that had photographs of people that were not wearing any clothing. Defendant testified he tried to stop the child from looking at the magazine, but then decided there was nothing he could do about it. He admitted he "was wrong letting him look at it." At the conclusion of the questioning, Judge Guida found that defendant's plea had an adequate factual basis.

Prior to the plea hearing, defendant's attorney read each page of the plea form to defendant, including the portion of the form detailing all of the conditions of PSL. Judge Guida also separately explained many of these same requirements to defendant at the hearing during a lengthy voir dire of defendant.

A-3935-16T4

When he was arrested, defendant was carrying a keychain that had his name on one side and, on the reverse side, the words, "Pedo for hire/Child birthdays/Bar-Mitzvahs/Free Kneepads." Prior to trial, the court granted the State's motion to admit the keychain as other crimes evidence under N.J.R.E. 404(b). Defendant's attorney filed an interlocutory motion for leave to appeal this decision, which we subsequently denied.

The plea form, which defendant's attorney read to defendant, stated that defendant was waiving his right to appeal any of the trial court's pre-trial orders. At the plea hearing, Judge Guida also confirmed with defendant's attorney that this was the case, and she again stated that she had explained the waiver to defendant. Thus, the judge accepted defendant's guilty plea to count four of the indictment.

In accordance with the plea, Judge Guida sentenced defendant to a suspended three-year prison term, together with PSL, and mandatory Megan's Law reporting requirements. Defendant did not file a direct appeal.

Defendant thereafter filed a timely petition for PCR. Among other things, defendant argued that his attorney provided ineffective assistance because she did not: (1) ensure that an adequate factual basis was established for his plea to the endangering the welfare of a child charge; (2) advise him that he would be

A-3935-16T4

subject to PSL; and (3) advise him that he was waiving his right to appeal from the Rule 404(b) ruling.

In a comprehensive twenty-nine page written decision, Judge Guida considered each of these contentions and denied defendant's petition. The judge concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different.

The judge found that defendant provided an adequate factual basis for his guilty plea to endangering the welfare of a child under N.J.S.A. 2C:24-4(a)(1), which states that a "person who . . . engages in sexual conduct which would impair or debauch the morals of [a] child is guilty of a crime . . . of the third degree." Here, the judge observed that defendant admitted at the plea hearing that

> on one occasion, E.A. came to his apartment where a Playboy magazine was out in the open, E.A. began to look at the magazine, [defendant] knew E.A. should not look at the magazine, and [defendant] tried to stop E.A. from looking at the magazine but eventually gave up and allowed E.A. to continue looking at the magazine.

It is well settled that the "sexual conduct" prohibited by N.J.S.A. 2C:24-4(a)(1) includes showing nude explicit photographs to children. State v. White, 105

5

N.J. Super. 234, 236-37 (App. Div. 1969). Accordingly, Judge Guida found that defendant's admissions clearly established the factual basis for his plea to endangering the welfare of a child.

The judge further found that the record failed to support defendant's claim that he was not made aware that he would be placed on PSL or that he would not be able to appeal the pre-trial Rule 404(b) ruling. In his thorough decision, the judge summarized the portions of the plea hearing transcript that demonstrated that defendant's attorney read the entire plea form to defendant, and that the judge also addressed both matters prior to accepting defendant's plea.

Finally, Judge Guida determined that an evidentiary hearing was not required because defendant failed to present a prima facie case of ineffective assistance of counsel. This appeal followed.

On appeal, defendant raises the following contentions:

POINT ONE

THE FAILURE OF TRIAL COUNSEL, TO ASSURE THERE WAS A FACTUAL BASIS FOR THE CRIME DEFENDANT WAS PLEADING GUILTY TO, DESPITE THE FACT COUNSEL HERSELF ATTEMPTED TO ELICIT THE FACTUAL BASIS, DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

6

POINT TWO

THE FAILURE OF TRIAL COUNSEL TO ADVISE DEFENDANT THAT HIS GUILTY PLEA WOULD REQUIRE HIM TO WAIVE HIS RIGHT TO APPEAL THE GRANTING OF THE STATE'S MOTION TO ADMIT N.J.R.E. [404(B)] EVIDENCE AND THAT HIS CONVICTION WOULD REQUIRE HE BE SENTENCED TO [PSL], DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

POINT THREE

THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts

should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance. Preciose, 129 N.J. at 462.

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, State v. Fritz, 105 N.J. 42, 52 (1987), the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. U.S. v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in Judge Guida's thoughtful written opinion. The record fully supports the judge's determination that defendant provided an adequate factual basis for his plea, and that his attorney and the court fully explained to defendant that he was subject to PSL, and would be waiving his right to appeal the Rule 404(b) ruling. Because defendant failed to establish a prima facie case of ineffective assistance, an evidentiary hearing was not required. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8                                                        A-3935-16T4